1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel E. Vineyard, Esq.
CA. Bar No. 121132
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Telephone
(713) 752-4221 – Fax
dvineyard@jw.com

*Attorney for Plaintiff*
*Cooper Drum Cooperating Parties Group*

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

COOPER DRUM COOPERATING
PARTIES GROUP,

   *Plaintiff*,

v.

AMERICAN POLYMERS
CORPORATION, ANGELES CHEMICAL
CO., INC. (AKA "ANGELUS
CHEMICAL" AND/OR "ANGELES
CHEMICAL COMPANY,
INCORPORATED"), ANGELUS
WATERPROOFING AND
RESTORATION, INC., BEATRICE
COMPANIES, INC., B. STEPHEN
COOPERAGE, INC., CHEMED
CORPORATION, FAR-BEST
CORPORATION, INSILCO
CORPORATION, LUX
INTERNATIONAL CORPORATION, M.
O. DION & SONS, INC., MOUREN-
LAURENS OIL COMPANY, NATIONAL
DRUM COMPANY, ORLANDINI
ENTERPRISES, PACIFIC DIE CASTING
CORPORATION, PEMACO, INC., RESIN
TECHNOLOGY CORPORATION,
SASOL WAX AMERICAS, INC., SASOL
WAX NORTH AMERICA
CORPORATION, VAST ENTERPRISES,
VERITIV CORPORATION, VERITIV

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.   2:19cv03007

**COOPER DRUM
COOPERATING PARTIES
GROUP'S COMPLAINT**

OPERATING COMPANY, DOE
CORPORATIONS ONE THROUGH TEN, )
ACME KUSTOM FIT, INC., CROWN )
BEVERAGE PACKAGING, LLC, THE )
DIAL CORPORATION, ELG METALS, )
INC., ELG METALS WEST COAST, )
INC., METAL MANAGEMENT, INC., )
MONDO CHROME, PUREX )
CORPORATION, ROHM & HAAS )
COMPANY, TRAXX CORPORATION, )
JERVIS B. WEBB COMPANY, AND )
JERVIS B. WEBB COMPANY OF )
CALIFORNIA, )
)
                    *Defendants*. )

# **TABLE OF CONTENTS**

I.      STATEMENT OF THE ACTION ..................................................1

II.     JURISDICTION AND VENUE .....................................................2

III.    PARTIES ........................................................................................2

    A.    Plaintiff ...............................................................................2

    B.    Defendants ...........................................................................3

        a.    Customer Defendants .................................................3

        b.    Neighboring Defendants .............................................8

IV.     GENERAL ALLEGATIONS .......................................................10

V.      ALLEGATIONS AGAINST CUSTOMER DEFENDANTS......................13

VI.     ALLEGATIONS AGAINST NEIGHBORING DEFENDANTS.................14

VII.    CLAIM ONE FOR RELIEF: CERCLA § 107 ................................15

VIII.   CLAIM TWO FOR RELIEF: CERCLA § 113 ...............................16

IX.     CLAIM THREE FOR RELIEF: DECLARATORY JUDGMENT .............17

X.      CLAIM FOUR FOR RELIEF: EQUITABLE INDEMNITY ...................18

XI.     CLAIM FIVE FOR RELIEF: SUCCESSOR LIABILITY .....................18

XII.    CLAIM SIX FOR RELIEF: FEDERAL COMMON LAW
        CONSTRUCTIVE TRUST .........................................................19

XIII.   PRAYER FOR RELIEF .............................................................20

The Cooper Drum Cooperating Parties Group (the "CDCPG"), an unincorporated association of potentially responsible parties ("PRPs") for the Cooper Drum Company Superfund Site in South Gate, Los Angeles County, California (the "Cooper Drum Site," as defined by the Cooper Drum "Consent Decree"), alleges as follows:

## I.   STATEMENT OF THE ACTION

1.   This is a civil action brought by the CDCPG under §§ 107(a) and 113(f), 42 U.S.C. §§ 9607(a) and 9613(f), of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), for cost recovery and contribution from Defendants for response costs the CDCPG has incurred and will incur in connection with the remediation of the Cooper Drum Site. The CDCPG also seeks a declaration, pursuant to 28 U.S.C. § 2201 and CERCLA § 113(g), 42 U.S.C. § 9613(g), as to Defendants' present and future liability.  The CDCPG further seeks equitable indemnity from Defendants under California state law, while pursuing successor liability theories and a federal common law constructive trust claim against certain Defendants.

2.   The Cooper Drum Site is the location of a former drum refurbishment facility at which the Environmental Protection Agency ("EPA") and the California Department of Toxic Substances Control ("DTSC") has determined that there were releases of hazardous substances.  In furtherance of their efforts to address the Cooper Drum Site, the EPA and DTSC filed a lawsuit against the CDCPG alleging certain causes of action under CERCLA.[1]  The CDCPG negotiated with EPA and DTSC and entered into a judicially approved Consent Decree.  Prior to and pursuant to the Consent Decree, the CDCPG has incurred response costs as a result of alleged

---

[1] An action styled as *United States of America et. al. v. AC Products, Inc. et al*, Case No. 2:15-cv-09931, U.S. District Court, Central District of Calif., Western Division.

releases and/or threatened releases of hazardous substances at the Cooper Drum Site. To date, those response costs exceed $12 million, and it is anticipated, at a minimum, an additional $15 million will be needed to complete the remediation of the Cooper Drum Site.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action and over Defendants pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 and CERCLA §§ 107 and 113(b), 42 U.S.C. §§ 9607 and 9613(b).

4.    Venue is proper in this district under CERCLA § 113(b), 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) and (c) because the releases and threatened releases of hazardous substances that give rise to this Complaint occurred in the Western Division of the Central District of California.

## III.    PARTIES

**A.    Plaintiff**

5.    Plaintiff, the CDCPG,[2] is an unincorporated association of PRPs for the Cooper Drum Site located at 9316 Atlantic Avenue, South Gate, California 90280.

---

[2]   The CDCPG includes: AC Products, Inc., Ashland Inc., Atlantic Richfield Company, Baker Petrolite LLC, Cargill, Incorporated, Castrol Industrial North America, Inc., Chemical Waste Management, Inc., Chevron U.S.A. Inc., Coral Chemical Company, Dunn-Edwards Corporation, ExxonMobil Oil Corporation, Hasco Oil Company, Inc., Lonza Inc., Lubricating Specialties Company, Pennzoil-Quaker State Company (for itself and for Penreco), Quaker Chemical Corporation, Shell Chemical LP, Shell Oil Company, SOCO West, Inc., Southern Counties Oil Co., a California corporation, and Southern Counties Oil Co., a California limited partnership, Texaco Downstream Properties Inc., The Valspar Corporation and its wholly owned subsidiary, Engineered Polymer Solutions, Inc., Union Oil Company of California, and Univar USA Inc. on behalf of itself and Chemcentral Corp.  Each member company has executed a written assignment that assigns each member's claims that are the subject of this lawsuit to the CDCPG.

**B.    Defendants**

6.    Each Defendant listed below is a "person" within the meaning of CERCLA §101(21), 42 U.S.C. § 9601(21).    Moreover, each Defendant, or a predecessor, (1) arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by each such Defendant to the Cooper Drum Site ("Customer Defendants") and/or (2) owned or operated facilities neighboring the Cooper Drum Site on which releases of hazardous substances occurred that have migrated to the Cooper Drum Site within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a) ("Neighboring Defendants").

7.    Certain Defendants are each liable for releases and threatened releases of hazardous substances because of certain shared legal theories. Accordingly, and for ease of adjudication, Defendants are subdivided into the below-named sub-headings.    The Complaint will refer to each of these sub-headings, and when so doing, will be referencing each named Defendant that appears below the corresponding subheading.

**a.    *Customer Defendants***

8.    On information and belief, the following Customer Defendants had or acquired liability regarding an ongoing business relationship with the Cooper Drum Company during the time of the Cooper Drum Company's drum reconditioning operations at the Cooper Drum Site.

9.    Defendant American Polymers Corporation is a California corporation with its principal place of business located at 14722 Spring Ave., Santa Fe Springs, California 90670. On information and belief, American Polymers Corporation is or may be a successor to Polycoat Products Company.    American Polymers Corporation may be served by its registered agent, Devendra Kumar, at 14722 Spring Ave., Santa Fe Springs, California 90670.

10.    Defendant Angeles Chemical Co., Inc., also known as "Angelus Chemical" and/or "Angeles Chemical Company, Incorporated," is a California corporation with its principal place of business located at 20449 Rancho Los Cerritos Rd., Covina, California 91724.  Angeles Chemical Co., Inc. may be served by its registered agent, John G. Locke, at 20449 Rancho Los Cerritos Rd., Covina, California 91724.

11.    Defendant Angelus Waterproofing and Restoration, Inc. is a California corporation with its principal place of business located at 17762 Metzler Lane, Huntington Beach, California 92647.  Angelus Waterproofing and Restoration, Inc. may be served by its registered agent, Shaun Geiger, at 17762 Metzler Lane, Huntington Beach, California 92647.

12.    Defendant Beatrice Companies, Inc. is a Delaware corporation with its principal place of business located at Two North LaSalle Street, Chicago, IL 60602. Beatrice Companies, Inc. may be served by its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

13.    Defendant B. Stephen Cooperage, Inc. is a California corporation with its principal place of business located at 10746 Vernon Avenue, Ontario, California 91762.  B. Stephen Cooperage, Inc. may be served by its registered agent, Mike Stephen, at 10746 Vernon Avenue, Ontario, California 91762.

14.    Defendant Chemed Corporation is a Delaware corporation with its principal place of business located at 255 East 5th Street, Cincinnati, Ohio 45202. On information and belief, Chemed Corporation is or may be a successor to Sanichem Manufacturing Company.  Chemed Corporation may be served by its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

15.    Defendant Far-Best Corporation is a California corporation with its principal place of business located at 6715 McKinley Avenue, Los Angeles,

California 90001.  On information and belief, Far-Best Corporation is or may be a successor to Torco USA Lubricant.  Far-Best Corporation may be served by its registered agent, Lee R. Swanson, at 6715 McKinley Avenue, Los Angeles, California 90001.

16.     Defendant Insilco Corporation is a California company with its principal place of business located at 300 N. Marienfeld #400, Midland, Texas 79701.  On information and belief, Insilco Corporation is or may be a successor to Sinclair Paint Company, Inc.  Insilco Corporation may be served by its registered agent, the Prentice-Hall Corporation System, Inc., at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

17.     Defendant Lux International Corporation is a California corporation with its principal place of business located at 21325 Cabot Blvd., Suite #B, Hayward, California 94545.  On information and belief, Lux International Corporation is or may be a successor to Pemaco, Inc.  Lux International Corporation may be served by its registered agent, Kenneth Chen, at 21325 Cabot Blvd. Suite #B, Hayward, California 94545.

18.     Defendant M. O. Dion & Sons, Inc. is a California corporation with its principal place of business located at 1543 W. 16th Street, Long Beach, California 90813.  M. O. Dion & Sons, Inc. may be served by its registered agent, Matt Cullen, at 1543 W. 16th St., Long Beach, California 90813.

19.     Defendant Mouren-Laurens Oil Company is a California corporation with its principal place of business located at 180 E. Ocean Boulevard, Suite 200, Long Beach, California 90802 c/o Michel & Associates.  Mouren-Laurens Oil Company may be served by its registered agent, Michel & Associates, a Professional Corporation, CD Michel, at 180 E. Ocean Boulevard, Suite 200, Long Beach, California 90802.

20.    Defendant National Drum Company is a California corporation with its principal place of business located at 6493 Stanford Ave., Los Angeles, California 90001.  National Drum Company may be served by its registered agent, Steve Roe, at 6493 Stanford Ave., Los Angeles, California 90001.

21.    Defendant Orlandini Enterprises is a California corporation with its principal place of business located at 6155 Eastern Avenue, Commerce, California 90040.  On information and belief, Orlandini Enterprises is or may be a successor to Pacific Die Casting Corporation.  Orlandini Enterprises may be served by its registered agent, Jeffrey P. Orlandini, at 6155 Eastern Avenue, Commerce, California 90040.

22.    Defendant Pacific Die Casting Corporation is a California corporation (now located in Mexico and California) with its principal place of business located at 6155 S. Eastern Ave., Commerce, California 90040.   Pacific Die Casting Corporation may be served by any means as provided by law.

23.    Defendant Pemaco, Inc. is a California corporation with its principal place of business located at 26239 Research Road, Hayward, California 94545. Pemaco, Inc. may be served by its registered agent, Lawrence Sze, at 26239 Research Road, Hayward, California 94545.

24.    Defendant Resin Technology Corporation is a California corporation with its principal place of business located at 2270 Castle Harbor Place, Ontario, California 91761.  Resin Technology Corporation may be served by any means as provided by law.

25.    Defendant Sasol Wax Americas, Inc. is a Delaware corporation with its principal place of business located at Two Corporate Drive, Suite 434, Shelton, Connecticut 06484.  On information and belief, Sasol Wax Americas, Inc. is or may be a successor to Pemaco, Inc.  Sasol Wax Americas, Inc. may be served by its registered agent, Corporation Service Company which will do business in California

as CSC-Lawyers Incorporating, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

26.    Defendant Sasol Wax North America Corporation is a Delaware corporation with its principal place of business located at 21235-B Cabot Blvd., Hayward, California 94545.  On information and belief, Sasol Wax North America Corporation is or may be a successor to Pemaco, Inc.  Sasol Wax North America Corporation may be served by its registered agent, You Lee Ho, at 433 Scenic Ave., Piedmont, California 94611.

27.    Defendant Vast Enterprises is a California corporation with its principal place of business located at 7739 Monroe Street, Paramount, California 90723.  On information and belief, Vast Enterprises is or may be a successor to South Bay Oil Company.  Vast Enterprises may be served by its registered agent, William Mitchell, at 9160 Irvine Center Drive, Irvine, California 92618.

28.    Defendant Veritiv Corporation is a Delaware corporation with its principal place of business located at 1000 Abernathy Road NE, Bldg. 400, Suite 1700, Atlanta, Georgia 30328.  On information and belief, Veritiv Corporation is or may be a successor to Unisource Worldwide, Inc.  Veritiv Corporation may be served by its registered agent, the Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

29.    Defendant Veritiv Operating Company, formerly known as Unisource Worldwide, Inc., is a Delaware corporation with its principal place of business located at 1000 Abernathy Road NE, Bldg. 400, Suite 1700, Atlanta, Georgia 30328. On information and belief, Veritiv Operating Company is or may be a successor to Unisource Worldwide, Inc.  Veritiv Operating Company may be served by its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

1

      **b.**    *__Neighboring Defendants__*

2        30.    On information and belief, the following Neighboring Defendants

3 owned or operated facilities on which releases of hazardous substances occurred,

4 and those releases have migrated to the Cooper Drum Site.

5        31.    Defendants Doe Corporations One through Ten, upon information and

6 belief, either operated or owned facilities at which hazardous substances were

7 released and said hazardous substances have come to be found at the Cooper Drum

8 Site.

9        32.    Defendant ACME Kustom Fit, Inc. is a California corporation formerly

10 located at 8990 Atlantic Avenue, South Gate, California 90280.  On information and

11 belief, ACME Kustom Fit, Inc. is or may be a successor to Kustom Fit

12 Manufacturing Company also known as Custom Fit Manufacturing Company.

13 ACME Kustom Fit, Inc. may be served by any means as provided by law.

14        33.    Defendant Crown Beverage Packaging, LLC is a Delaware corporation

15 with its principal place of business located at 770 Township Line Road, Yardley,

16 Pennsylvania 19067.  On information and belief, Crown Beverage Packaging, LLC

17 is or may be a successor to Continental Can Company, Betner Company, and

18 Shellmar Products.  Crown Beverage Packaging, LLC may be served by its

19 registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930,

20 Los Angeles, California 90017.

21

22        34.    Defendant The Dial Corporation is a Delaware corporation with its

23 principal place of business located at 7201 E. Henkel Way, Scottsdale, Arizona

24 85255.  The Dial Corporation may be served by its registered agent, CT Corporation

25 System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

26        35.    Defendant ELG Metals, Inc. is a Delaware corporation with its

27 principal place of business located at 369 River Road, McKeesport, Pennsylvania

28 15132.  On information and belief, ELG Metals, Inc. is or may be a successor to

ELG Metals West Coast Inc.  ELG Metals, Inc. may be served its registered agent, Corporation Service Company which will do business in California as CSC-Lawyers Incorporating, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

36.    Defendant ELG Metals West Coast, Inc. is a Delaware corporation with its principal place of business located at 369 River Road, McKeesport, Pennsylvania 15132.  ELG Metals West Coast, Inc. may be served by its registered agent, Terry Brown, at 9400 Rayo Avenue, Southgate, California 90280.

37.    Defendant Metal Management, Inc. is a Delaware corporation with its principal place of business located at 500 N. Dearborn St., Suite 405, Chicago, Illinois 60610.  On information and belief, Metal Management, Inc. is or may be a successor to the McLeod Group of Companies headquartered in South Gate, California.  Metal Management, Inc. may be served by its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

38.    Defendant Mondo Chrome is a California company formerly located at 4933 Firestone Boulevard, South Gate, California 90280.  Mondo Chrome may be served by any means as provided by law.

39.    Defendant Purex Corporation is a Delaware corporation with its principal place of business located at Greyhound Tower # 0301, Phoenix, Arizona 85077.  On information and belief, Purex Corporation is or may be a successor to Purex Rubbish Disposal Company.  Purex Corporation may be served by its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

40.    Defendant Rohm & Haas Company is a Pennsylvania company with its principal place of business located at 400 Arcola Road, Collegeville, Pennsylvania, 19426.  Rohm & Haas Company may be served by its registered agent, CT

Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

41.    Defendant Traxx Corporation is a California corporation with its principal place of business located at 1201 E. Lexington Ave., Pomona, California 91766.  On information and belief, Traxx Corporation is or may be a successor to Seam Master Industries.  Traxx Corporation may be served by its registered agent, Craig Silvers, at 1201 E. Lexington Ave., Pomona, California 91766.

42.    Defendant Jervis B. Webb Company ("JBW") is a Michigan corporation with its principal place of business located at 30100 Cabot Drive, Novi, Michigan 48377.  JBW has succeeded to the liabilities of Webb-Cal under a number of theories of successor liability including having participated in a fraudulent transaction so that Webb-Cal could avoid environmental responsibility.  JBW may be served by its registered agent, Corporation Service Company which will do business in California as CSC-Lawyers Incorporating, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

43.    Defendant Jervis B. Webb Company of California ("Webb-Cal") is a former California corporation that was founded in 1949 and dissolved in 2003. Dissolved corporations may be sued and their assets, including insurance assets, made available to persons entitled to them pursuant to the California Corporations Code § 2010.  Webb-Cal engaged in a fraudulent conveyance with its parent, JBW, to avoid environmental responsibilities.  Webb-Cal may be served by its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

## IV.    <u>GENERAL ALLEGATIONS</u>

44.    The Cooper Drum Site is a 2.4 acre facility within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9) in South Gate, a mixed commercial, industrial, residential area about ten miles southeast of downtown Los Angeles.  The

Cooper Drum Site is bordered by Atlantic Avenue to the west, Rayo Avenue to the east, and the former Tweedy Elementary School to the south.

45.    From 1941 until 1993, various business entities reconditioned steel drums at the Cooper Drum Site.  During this period, specifically from 1974 to until approximately 1993, the Cooper Drum Company operated a drum reconditioning business at the Cooper Drum Site.

46.    During the time of the Cooper Drum Company's drum reconditioning operations at the Cooper Drum Site, the Defendants' businesses involved the use, storage and/or processing of hazardous substances and/or solid wastes.

47.    The Cooper Drum Company either picked up or accepted from Customer Defendants 55-gallon drums that the EPA has alleged contained residues of hazardous substances and/or solid wastes.

48.    The drum reconditioning process at the Cooper Drum Site included flushing and stripping the drums, repainting where necessary, and returning the drums to their owners for reuse.  Wastes that resulted from flushing the drums and wastes from the reconditioning process allegedly were collected in open concrete pits and trenches on the Cooper Drum Site, which EPA alleges resulted in contamination of the soils and groundwater at the Cooper Drum Site.

49.    During the Cooper Drum Company's drum reconditioning operation at the Cooper Drum Site, caustic fluids allegedly leaked from the trenches onto the property of the Tweedy Elementary School contaminating the soils. The Tweedy Elementary School was closed in 1988 due to exposure concerns.

50.    In 1989, the Los Angeles Department of Health Services ("LADHS") collected soil samples at the Cooper Drum Site and found hazardous substances in the soils, including volatile organic compounds ("VOCs"), petroleum byproducts and polychlorinated biphenyls ("PCBs").

51.    The Cooper Drum Company, under the direction of the LADHS, removed contaminated soils from its property and from the property of the former Tweedy Elementary School. Four monitoring wells were placed in the Gaspur Aquifer, the uppermost aquifer beneath the Cooper Drum Site; VOCs were subsequently detected in the Gaspur Aquifer.

52.    From 1996 to 2002, EPA conducted a Remedial Investigation and Feasibility Study ("RI/FS") for the Cooper Drum Site. In the RI/FS, the EPA concluded that substantial portions of the soil and groundwater beneath the Cooper Drum Site were contaminated by VOCs, mainly chlorinated solvents such as trichloroethene ("TCE"), tetrachloroethene ("PCE"), and isomers of dichloroethene ("DCE") and dichoroethance ("DCA"). Other contaminants of concern are 1,4-dioxane in groundwater and polyaromatic hyrdocarbons ("PAHs"), PCBs, and lead in the soil.

53.    TCE, PCE, isomers of DCE and DCA, 1,4-dioxane, PAHs, PCBs, and lead are hazardous substances as defined in CERCLA § 101(14), 42 U.S.C. § 9601(14) and 40 C.F.R. § 302.4, App. A. and are among the Cooper Drum Site-related chemicals used at Defendants' facilities and in the course of their business operations.

54.    In 2001, the EPA placed the Cooper Drum Site on the National Priorities List and soon after, in 2002, executed a Record of Decision ("ROD") which sought to address contaminated soil and groundwater at the Cooper Drum Site.

55.    In 2016, the members of the CDCPG voluntarily entered into a Consent Decree with both the EPA and the DTSC in which it agreed to reimburse certain costs and perform various response actions at the Cooper Drum Site. The member companies have assigned their rights to cost recovery and contribution under the Consent Decree to the CDCPG. As such, the CDCPG is entitled to seek relief from

other PRPs of the Cooper Drum Site including under CERCLA § 113(f), 42 U.S.C. § 9613(f).

56.    The CDCPG has incurred and will continue to incur response costs consistent with the National Contingency Plan in responding to alleged releases and threatened releases of hazardous substances that have come to be located at the Cooper Drum Site.

57.    The CDCPG has incurred necessary and recoverable costs consistent with the National Contingency Plan in addition to and apart from the CDCPG's obligations under both the previous CERCLA § 106, 42 U.S.C. § 9606 Unilateral Administrative Order and the Consent Decree.

58.    Further, there were and are "releases" and threatened "releases" of hazardous substances into the environment within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), at nearby facilities which have migrated to the Cooper Drum Site.

59.    The Cooper Drum Site and the real property owned by Neighboring Defendants (whether in the past or at present) are "facilities" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).  Per *Castaic Lake Water Agency v. Whittaker Corp.*,[3] when contaminated ground water from neighboring facilities comes to be found on another facility, those persons responsible under CERCLA for the facility where the initial release occurred are liable for the cleanup where the releases have come to be located.

## V.    ALLEGATIONS AGAINST CUSTOMER DEFENDANTS

60.    In their lawsuit against the members of CDCPG, the EPA and DTSC alleged that "each Defendant is a person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for

---

[3] 272 F. Supp. 2d 1053 (C.D. Cal. 2003).

disposal or treatment, of hazardous substances owned or possessed by such person, by any party or entity at the Site within the meaning of CERCLA section 107(a)(3), 42 U.S.C. § 9607(a)."[4]   Upon information and belief, Customer Defendants had business relationships with the Cooper Drum Company which mirrored, in all relevant respects, that of the CDCPG members.

61.    Customer Defendants had an ongoing business relationship with the Cooper Drum Company during the time of the Cooper Drum Company's drum reconditioning operations at the Cooper Drum Site.  Therefore, upon information and belief, hazardous substances from the Customer Defendants were released at the Cooper Drum Site in the course of the Cooper Drum Company's drum reconditioning process.

## VI.    ALLEGATIONS AGAINST NEIGHBORING DEFENDANTS

62.    Neighboring Defendants owned and operated facilities (whether past or present) in close proximity to the Cooper Drum Site whose normal business operations involved the use, storage and/or processing of hazardous substances and/or solid wastes.  Upon information and belief, hazardous substances were released in the course of Neighboring Defendants' operations at their respective facilities and have now come to be found on and under the Cooper Drum Site.

63.    As documented in the Cooper Drum Consent Decree ("Cooper Drum CD") Statement of Work, multiple EPA reports "document impacts to the [Cooper Drum] Site from upgradient plumes originating from off-site sources."  For instance, the Statement of Work directed the CDCPG to consider reinjection to "'reduce the intrusion' of upgradient [Contaminants of Concern] from off-site sources."

---

[4] Complaint of the United States of America, ECF. 1, Case No. 2:15-cv-09931, U.S. District Court, Central District of Calif., Western Division at ¶ 38.

64.     Neighboring Defendant, Webb-Cal, owned and operated the nearby Jervis B. Webb Company Superfund Site at which hazardous substances were released in the course of operations that have now come to be found on and under the Cooper Drum Site.   Webb-Cal also leased portions of the Jervis B. Webb Superfund Site to others who also released hazardous substances into the environment.

65.     JBW is responsible for the environmental liabilities of Webb-Cal under numerous corporate succession theories in view of a transaction implemented by JBW and Webb-Cal ("Jervis Webb Defendants") in which Webb-Cal dissolved; and, around the time of the dissolution, JBW received $2.7 million from Webb-Cal that left Webb-Cal with only $75,000—a sum vastly insufficient to meet Webb-Cal's known environmental liabilities (the "Transaction").   Upon information and belief, before, at the time of, and after the Transaction, Webb-Cal and JBW both: (1) knew Webb-Cal was subject to environmental enforcement, (2) shared common ownership, and (3) shared corporate leadership. After the Transaction, upon information and belief, JBW continued in the same line of business as Webb-Cal. In effect, Webb-Cal and JBW completed a merger or consolidation.   Upon information and belief, a primary purpose of the Transaction was to hinder, delay, and defraud creditors.

## VII.   CLAIM ONE FOR RELIEF: CERCLA § 107

*(As to all Defendants)*

66.     Paragraphs 1-65 above are re-alleged and incorporated herein by reference.

67.     CERCLA § 107(a), 42 U.S.C. § 9607(a), provides, in part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,…shall be liable for—

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan…

68.     The CDCPG has incurred and will continue to incur necessary costs of response within the meaning of CERCLA §§ 101(25), 42 U.S.C. §§ 9601(25) consistent with the National Contingency Plan to respond to the alleged release or threatened release of hazardous substances at the Cooper Drum Site.

69.     All named Defendants are liable under CERCLA § 107(a), 42 U.S.C. § 9607, for all eligible response costs plus interest incurred by the CDCPG in connection with the Cooper Drum Site.

## VIII.  <u>CLAIM TWO FOR RELIEF: CERCLA § 113</u>

*(As to all Defendants)*

70.     Paragraphs 1-69 above are re-alleged and incorporated herein by reference.

71.     CERCLA § 113(f), 42 U.S.C. § 9613(f), provides, in part:

Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title.

72.     The United States has previously brought an action against the members of the CDCPG pursuant to 9607(a).

16

COMPLAINT

73.    The CDCPG has incurred and will continue to incur costs eligible for contribution for remedial actions consistent with the National Contingency Plan to respond to the alleged release or threatened release of hazardous substances at the Cooper Drum Site within the meaning of CERCLA §§ 101(23-25), 42 U.S.C. §§ 9601(23-25).

74.    All named Defendants are liable to the CDCPG pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), for all costs eligible for contribution, plus interest on those costs eligible for contribution, incurred by the CDCPG in connection with the Cooper Drum Site.

## IX.    CLAIM THREE FOR RELIEF: DECLARATORY JUDGMENT

### *(As to all Defendants)*

75.    Paragraphs 1-74 above are re-alleged and incorporated herein by reference.

76.    A present, actual, and justiciable controversy exists between the CDCPG and Defendants concerning the nature and extent of the obligation of Defendants to pay for anticipated future responses costs or damages in connection with the Cooper Drum Site.

77.    In connection with the CDCPG's claims for both cost recovery and contribution, CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), permits the Court to "enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

78.    Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, the CDCPG is entitled to a judgment declaring that Defendants are liable for future response costs or damages to be incurred in connection with the Cooper Drum Site, including

amounts attributable to any "orphan shares"[5] not elsewhere attributed and applicable interest as provided for in CERCLA § 107(a), 42 U.S.C. § 9607(a).

## X.    CLAIM FOUR FOR RELIEF: EQUITABLE INDEMNITY

### *(As to all Defendants)*

79.    Paragraphs 1-78 above are re-alleged and incorporated herein by reference.

80.    The CDCPG has entered a Consent Decree under which it is obligated to clean up the Cooper Drum Site and, the above allegations, set out the reasons why Defendants have liability at the Cooper Drum Site.

81.    The CDCPG seeks recovery from Defendants on a comparative fault basis.  To the extent the CDCPG's compliance with the Cooper Drum CD requires the CDCPG to pay more than its fair share, equitable indemnity allows the CDCPG to seek indemnity from Defendants who are not contributing their fair share for the remediation of hazardous substances at the Cooper Drum Site.

82.    To date, Defendants have contributed no funds to address contamination at the Cooper Drum Site.

## XI.    CLAIM FIVE FOR RELIEF: SUCCESSOR LIABILITY

### *(As to the Jervis Webb Defendants)*

83.    Paragraphs 1-82 above are re-alleged and incorporated herein by reference.

84.    Certain transactions between a predecessor business entity and a successor business entity can render the successor entity liable for the CERCLA

---

[5]   "Orphan shares" means those shares for response costs attributable to PRPs who either are insolvent or cannot be located or identified.  *See Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298, 1303 (9th Cir. 1997) (overruled on other grounds).

obligations of its predecessor entity.

85.    JBW is liable under at least three recognized successor liability theories—(1) *de facto* merger, (2) mere continuation, and a (3) fraudulent transaction entered into in order to escape liability.  JBW is liable as a successor to Webb-Cal based on the facts alleged above in this Complaint.

86.    As such, JBW "steps into the shoes" of Webb-Cal and it is directly liable for Webb-Cal's obligations.

## XII.    CLAIM SIX FOR RELIEF: FEDERAL COMMON LAW CONSTRUCTIVE TRUST

*(As to the Jervis Webb Defendants)*

87.    Paragraphs 1-86 above are re-alleged and incorporated herein by reference.

88.    The CDCPG asserts a constructive trust claim under federal common law.  When Webb-Cal was under environmental enforcement for the Jervis B. Webb Company Superfund Site, upon information and belief, it knowingly transferred a substantial sum that approximated nearly all of the assets of Webb-Cal out of the State of California to JBW in Michigan.  Upon information and belief, the assets transferred to JBW as part of the Transaction constituted substantially all of the remaining property of Webb-Cal.  CERCLA §§ 107 and 113, 42 U.S.C. §§ 9607 and 9613, give the CDCPG a right to that property in order to satisfy its cost recovery and contribution claims to fulfill the broad remedial purposes of CERCLA.  The Jervis Webb Defendants knowing or with reason to know that Webb-Cal would owe environmental response costs, executed the Transaction.  As of the date of this filing, the Jervis Webb Defendants have avoided their environmental liabilities for approximately fifteen years.  The transfer of assets to JBW is traceable, and the Jervis Webb Defendants have been unjustly enriched as a result.

89.    JBW knew Webb-Cal was responsible for environmental cleanup costs at the time of the Transaction.

90.    JBW has, to-date, retained the benefits of the Transaction.

91.    Consequently, a constructive trust must be imposed in the interest of justice, and JBW is an involuntary constructive trustee who holds the assets for the benefit of the CDCPG.  JBW must return the assets held in constructive trust to the CDCPG to the extent necessary to satisfy the CDCPG's cost recovery and contribution claims.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the CDCPG respectfully requests that the Court enter judgment in favor of the CDCPG:

i)     For cost recovery from Defendants;

ii)    For contribution from Defendants;

iii)   For declaratory judgment against Defendants;

iv)    For equitable indemnity to the CDCPG and for payment of the CDCPG's attorneys' fees;

v)     For judgment that finds JBW liable as the corporate successor to Webb-Cal under one or more of these three theories: (1) *de facto* merger, (2) mere continuation, and/or (3) fraudulently entered transaction to escape liability;

vi)    For a constructive trust over the assets subject to the Transaction between the Jervis Webb Defendants described herein under federal common law for the benefit of the CDCPG;

vii)   For pre-judgment and post-judgment interest; and

viii)  For such other and further relief as it deems just and proper.

1    Respectfully submitted,

2    Dated: April 18, 2019.         **JACKSON WALKER LLP**

3

4    By:_____

5        Daniel E. Vineyard,
         CA. Bar No. 121132
6        1401 McKinney, Suite 1900
         Houston, Texas 77010
7        (713) 752-4200 – Telephone
         (713) 752-4221 – Fax
8        dvineyard@jw.com

9

10       **ATTORNEYS FOR PLAINTIFF THE**
         **COOPER DRUM COOPERATING**
11       **PARTIES GROUP**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT