1 | LOEB & LOEB LLP
ALBERT M. COHEN (SBN 141525)
2 | acohen@loeb.com
10100 Santa Monica Blvd., Suite 2200
3 | Los Angeles, CA  90067
Telephone:  310.282.2000
4 | Facsimile:   310.282.2200

5 | Attorneys for Defendant
CARERNCAR, LLC
6

7

8 |                    UNITED STATES DISTRICT COURT

9 |                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | COOPER DRUM COOPERATING          Case No.:  2:19-cv-03007-AB-JPR
PARTIES GROUP,
12 |                                   Assigned to Hon. Andre Birotte, Jr.

13 |               Plaintiff,
                                     **NOTICE OF MOTION AND
14 |        v.                         MOTION TO DISMISS
                                     PLAINTIFFS' COMPLAINT
15 | AMERICAN POLYMERS                 PURSUANT TO FED. R. CIV.
CORPORATION ET AL.                PROC. 12(B)(6); MEMORANDUM
16 |                                   OF POINTS AND AUTHORITIES**
              Defendants.
17 |                                   [Filed concurrently with Selected
18 | and Related Counterclaims, Cross- Excerpts from Documents in Request
Claims and Third-Party Complaints For Judicial Notice and Proposed
19 |                                   Order]
              Counter-Defendants.
20

21 |                                   Date:       February 12, 2021
                                     Time:       10:00 a.m.
22 |                                   Dept.       7B

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 12, 2021, at 10:00 a.m., in Courtroom 7B of the above-captioned court, located at 350 West First Street, Los Angeles, CA  90012, Judge Andre Birotte, Jr. presiding, Carerncar, Inc. ("Carerncar") will, and hereby does move to dismiss the claims of Plaintiff Cooper Drum Cooperating Parties Group ("Plaintiff" Mehrabian Family Trust and CA Auto Mart Group, Inc. (collectively "Plaintiffs") for (1) CERCLA §107 (2) CERCLA §113; (3) Declaratory Judgment; (4) California Health and Safety Code Contribution and/or Indemnity; (5) Equitable Indemnity; (6) Public Nuisance; (7) Private Nuisance; (8) Continuing Trespass alleged in the Second Amended Complaint filed on August 11, 2020.

The Motion to Dismiss is based upon this Motion, the supporting Memorandum of Points and Authorities, the concurrently filed Joint Request for Judicial Notice (the "RJN") in Support of Armstrong Flooring's Motion for Judgment on the Pleadings and Carerncar LLC's Motion to Dismiss, being filed by Armstrong Flooring, and all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 22, 2020.

Dated:  January 15, 2021

LOEB & LOEB LLP
ALBERT M. COHEN

By: /s/ Albert M. Cohen
    Albert M. Cohen
    Attorneys for CARERNCAR, LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

2

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................... 1

    A.    Alleged Contamination At The Cooper Drum Site ................... 1

III.  DISCUSSION...................................................................................... 5

    A.    Legal Standards For Motion To Dismiss ................................. 5

    B.    Argument .................................................................................. 6

        1.    Plaintiff's Claim One For Relief Under §107 Of CERCLA Is Barred .................................................. 6

            a.    Plaintiff's Claim One for Relief Under §107 of CERCLA is  Barred by the Statute of Limitations.......... 6

            b.    Plaintiff's §107 Claim is Also Barred Because It Was Entitled to File a Claim Under CERCLA §113 ..................................................... 8

        2.    Plaintiff's Claim Two For Relief Under CERCLA §113 Is Barred By The Statute Of Limitations ................................. 9

        3.    Plaintiff's Claim Three For Relief For Declaratory Judgment Must Be Dismissed Because Plaintiff's §107 And §113 Claims Must Be Dismissed.......................... 9

        4.    Plaintiff's Claim Four For Relief For Contribution And/Or Indemnity Under The California Health And Safety Code Is Barred By The Statute Of Limitations ............ 10

        5.    Plaintiff's Claim Five For Relief For Equitable Indemnity Is Barred By The Statute Of Limitations ................ 11

        6.    Plaintiff's Claim Six For Relief Based On Public Nuisance Must Be Dismissed .................................................. 113

            a.    The Public Nuisance Claim is Barred by the Statute of Limitations .................................................. 113

            b.    Plaintiff Lacks Standing to Assert a Claim for Public Nuisance Because it Does Not Allege that it Suffered Special Injury ............................... 14

        7.    Plaintiff's Claim Seven For Private Nuisance Must Be Dismissed........................................................................ 15

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

i

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

## TABLE OF CONTENTS (CONT'D)

**Page**

      a.    Plaintiff's Private Nuisance Claim is Barred by the Statute of Limitations ................................................. 15

      b.    Plaintiff's Private Nuisance Claim Is Also Barred Because Plaintiff Does Not Have A Property Interest in the Cooper Drum Site.................................... 15

    8.    Plaintiff's Claim Eight For Relief For "Continuing" Trespass Must Be Dismissed...................................... 17

      a.    Plaintiff's Claim is Barred by the Statute of Limitations................................................................ 17

      b.    Plaintiff's Claim is Barred Because it Does not Allege any Ownership Interest in the Impacted Property ....................................................... 18

    9.    Plaintiff's Tort Claims Are Barred By The Economic Loss Rule ................................................................ 18

IV.    CONCLUSION ................................................................ 19

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

ii

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Micro Devices, Inc. v. Nat'l Semiconductor Corp.*,
    38 F. Supp. 2d 802 (N.D. Cal. 1999) .............................................................. 10, 11

*Asarco LLC v. Atl. Richfield Co.*,
    866 F.3d 1108 (9th Cir. 2017) ............................................................................ 8, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ...................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007) ...................................................................... 5

*Estate of Blue v. County of Los Angeles*,
    120 F.3d 982 (9th Cir. 1997) ................................................................................. 6

*Capogeannis v. Superior Court*,
    12 Cal. App. 4th 668 (1993) ................................................................................ 14

*Cassinos v. Union Oil Co.*,
    14 Cal. App. 4th 1770 (1993) .............................................................................. 18

*Cty. of Santa Clara v. Atl. Richfield Co.*,
    137 Cal. App. 4th 292 (2006) .............................................................................. 19

*Green Valley Corp. v. Caldo Oil Co.*,
    2011 U.S. Dist. LEXIS 88789
    (N.D. Cal. Aug. 10, 2011) ................................................................................... 10

*Greenfield MHP Assocs., L.P. v. Ametek, Inc.*,
    145 F. Supp. 3d 1000 (S.D. Cal. 2015) ............................................................... 14

*Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*,
    805 F. Supp. 2d 888 (N.D. Cal. 2011) ................................................................. 15

*Jameson Beach Prop. Owners Ass'n v. United States*,
    2014 WL 4377905 (E.D. Cal. Sep. 4, 2014) ....................................................... 16

*Kotrous v. Goss-Jewett Co. of N. Cal.*,
    523 F.3d 924 (9th Cir. 2008) .............................................................................. 8, 9

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

iii

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>Page(s)</u>

*Mangini v. Aerojet-General Corp.*,
  230 Cal. App. 3d 1125 (Ct. App. 1991) ........................................... 12, 13, 15, 17

*Martin Marietta Corp. v. Ins. Co. of N. Am.*,
  40 Cal. App. 4th 1113 (1995) ................................................................................. 18

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) ................................................................................... 6

*Multani v. Knight*,
  23 Cal. App. 5th 837 (2018) .................................................................................. 15

*NuCal Foods, Inc. v. Quality Egg LLC*,
  918 F. Supp. 2d 1023 (E.D. Cal. 2013) ................................................................. 19

*Otay Land Co., LLC v. U.E. Ltd., L.P.*,
  15 Cal. App. 5th 806 (2017) .................................................................................. 10

*Padilla v. United States*,
  2019 WL 1982217 (S.D. Cal. May 3, 2019) ........................................................ 16

*Reichhold Chem., Inc. v. Textron. Inc.*,
  888 F. Supp. 1116 (N.D. Fla. 1995) ...................................................................... 10

*Rose v. Union Oil Co.*,
  1999 WL 51819 (N.D. Cal. Feb. 1, 1999) ............................................................ 14

*S.M. Wilson & Co. v. Smith Int'l, Inc.*,
  587 F.2d 1363 (9th Cir. 1978) ............................................................................... 19

*Saldate v. Wilshire Credit Corp.*,
  686 F. Supp. 2d 1051 (E.D. Cal. 2010) ................................................................... 6

*Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*,
  245 F.2d 67 (9th Cir. 1956) ..................................................................................... 6

*Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*,
  221 Cal. App. 3d 1601 (Ct. App. 1990) ................................................................ 12

*Smith v. Parks Manor*,
  197 Cal. App. 3d 872 (1987) ................................................................................. 12

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

iv

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Snellink v. Gulf Res., Inc.*,
  870 F. Supp. 2d 930 (C.D. Cal. 2012)..................................................5

*Starrh & Starrh Cotton Growers v. Aera Energy LLC*,
  153 Cal. App. 4th 583 (2007)..........................................................17

*Team Enters., LLC v. W. Inv. Real Estate Tr.*,
  721 F. Supp. 2d 898 (E.D. Cal. 2010)...............................................18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .........................................................................5

*U.S. v. Wilson*,
  631 F. 2d 118 (9th Cir. 1980) ............................................................6

*Union Station Associates, LLC v. Puget Sound Energy, Inc.*,
  238 F. Supp. 2d 1226 (W.D. Wash. 2002) ........................................10

*United States of America v. AC Products*,
  Case No. 2:15-cv-09931 AB (C.D. Cal.) .......................................3, 4

*United States of America v. Cooper Living Trust,
  Cooper Properties*,
  LP Case 2:17-cv-07836 (C.D. Cal.) ..................................................16

*United States v. AC Products et al.*,
  2:15-cv-09931 (C.D. Cal.)..................................................................8

*Valvoline Instant Oil Change Franchising, Inc. v.
  RFG Oil, Inc.*,
  2014 WL 2511448 (S.D. Cal. June 4, 2014) .....................................10

*Venuto v. Owens-Corning Fiberglas Corp.*,
  22 Cal. App. 3d 116 (Ct. App. 1971) ...............................................16

*Wilson v. Interlake Steel Co.*,
  32 Cal.3d 229 (1982)........................................................................18

**Statutes**

42 U.S.C. §9606...............................................................................8, 11

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

v

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>Page(s)</u>

42 U.S.C. §9606(a) ........................................................................................ 8

42 U.S.C. §9607 ............................................................................................. 6

42 U.S.C. §9607(a) ........................................................................................ 8

42 U.S.C. §9613(g)(2) .................................................................................. 10

Cal. Code Civ. Proc. §338(b) ...................................................................... 13

Cal. Code Civ. Proc. §388(a) ...................................................................... 10

Cal. Health & Safety Code §25363 ............................................................ 10

Cal. Health & Safety Code §25363(e) .................................................. 10, 11

CERCLA §106 ........................................................................................... 8, 11

CERCLA §106(a) ........................................................................................... 8

CERCLA §107 ............................................................................... 6, 8, 9, 10

CERCLA §107(a) ........................................................................................... 8

CERCLA §113 ................................................................. 1, 6, 8, 9, 10

CERCLA §113(f) ....................................................................................... 8, 9

CERCLA §113(f)(1) ...................................................................................... 8

CERCLA §113(f)(3)(B) ................................................................................. 8

CERCLA §113(g) ........................................................................................... 9

CERCLA §113(g)(2) ........................................................................... 6, 8, 10

CERCLA §113(g)(3) ...................................................................................... 9

Comprehensive Environmental Response,
    Compensation and Liability Act ("CERCLA") .................................... 6

Declaratory Judgment Act .......................................................................... 10

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

**Other Authorities**

Miller and Starr, 6 California Real Estate §16:29 ..................................................... 18

Fed. R. Civ. Proc. 8............................................................................................5

Fed. R. Civ. Proc. 8(a)(2) ..................................................................................5

Fed. R. Civ. Proc. 12(b)(6) ................................................................................5

Fed. R. of Evid. 201 ...........................................................................................2

Prosser on Torts (3d ed. 1964)...........................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

vii

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In its Second Amended Complaint ("SAC") filed on August 11, 2020, Plaintiff, Cooper Drum Cooperating Parties Group ("CDCPG" or "Plaintiff"),[1] alleges that since 2009 or before it has incurred costs for remedial work to address alleged releases of hazardous substances at the Cooper Drum Superfund Site in South Gate, California ("Cooper Drum Site" or "Site").  The SAC alleges that while some of the hazardous substances at issue in the case originated on the Site, contaminated groundwater from other nearby sites is impacting the Cooper Drum Site and, therefore, the owners and operators of those sites should be held liable to contribute to the costs to clean up the Cooper Drum Site.  Plaintiff alleges that some of the contamination allegedly migrating onto the Cooper Drum Site originated on two nearby properties owned by defendant Carerncar LLC ("Carerncar" or "Defendant").

All of Plaintiff's claims are barred by the applicable statutes of limitation. Plaintiff also is barred from bringing claims for nuisance and trespass because it does not have a possessory interest in the Site and for other reasons discussed herein. Therefore, based on the allegations in the SAC and the judicially noticeable documents filed concurrently with this motion, all of Plaintiffs' claims must be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

### A.   Alleged Contamination At The Cooper Drum Site

From 1941 until 1993, a number of businesses reconditioned steel drums at the Cooper Drum Site, a 2.3 acre facility in South Gate, California (SAC ¶¶46, 47). The Cooper Drum Company operated one such drum reconditioning business from 1974 until 1993 which "involved the use, storage, and/or processing of hazardous

---

[1] CDCPG asserts it is an unincorporated association of potentially responsible parties at the Cooper Drum Site and that each member of the CDCPG assigned the rights that are the subject of this lawsuit to the CDCPG (SAC ¶8, fn. 2).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

1

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

1   substances and/or solid wastes." *Id.* ¶48.  During that time, the Cooper Drum

2   Company allegedly accepted 55-gallon drums containing hazardous substances from

3   various entities (the "Customer Defendants"). *Id.* ¶49.

4       In 1989, the Los Angeles Department of Health Services conducted an

5   investigation at the Cooper Drum Site, which led to the discovery of certain

6   hazardous substances in the soil. *Id.* ¶52.  As a result, the Cooper Drum Company

7   initiated its own investigation and started remediation at the Site.  Through that

8   work, volatile organic compounds ("VOCs"), among other substances, were found

9   in the groundwater. *Id.* ¶53.

10      Over the next several years, the United States Environmental Protection

11  Agency ("EPA") conducted a number of activities related to the contamination at

12  the Cooper Drum Site:

13  Between 1996 and 2002, EPA conducted a Remedial Investigation and Feasibility

14  Study ("RI/FS") that concluded that significant contamination existed in the soils at

15  the Site. *Id.* ¶54.

16      In 2001, EPA placed the Cooper Drum Site on the National Priorities List. *Id.*

17  On September 27, 2002, EPA executed a Record of Decision ("ROD"), which

18  selected the "**remedial action** for Cooper Drum [to] address[] contaminated soil and

19  groundwater." (emphasis added) *Id.* ¶56; (*See* ROD,[2] Ex. C to Request for Judicial

20  Notice at p. 1.)

21      On September 21, 2007, EPA completed two Remedial Design Reports for

22  the "Remedial Action at the Cooper Drum Site." (*See* CD, Ex. B to RJN, p. 7:3-5.)

23      [2] Concurrently filed is a Joint Request for Judicial Notice ("RJN"), in which it
requests that this Court take judicial notice of certain public records and

24  administrative documents pursuant to Federal Rules of Evidence 201 attached there
to as exhibits A-G.  They are identified herein as "Ex.__ to RJN".  The ROD is

25  Appendix A to the Consent Decree (the "CD") entered into between Plaintiff, EPA
and the California Department of Toxic Substances Control filed with this Court on

26  December 29, 2015 and entered by this Court as a final judgment on April 20, 2016.
The CD is Ex. B to RJN. The ROD is Ex. C to RJN.  In order to assist the Court in

27  locating cited portions of the exhibits to the RJN, Carerncar is also filing a
document entitled 'Selected Excerpts from Documents in Request for Judicial

28  Notice'.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

2

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

On February 11, 2009, EPA issued a Unilateral Administrative Order ("UAO") to Plaintiff "to implement the remedial design for the remedy described in the Record of Decision for the Cooper Drum Company Superfund Site (the "Site") dated September 27, 2002, by performing the **remedial action**."  (emphasis added) (UAO, Ex. A to RJN, pp. 1-4).  The remedy included reinjection of extracted groundwater to prevent contaminated groundwater from upgradient sources from impacting the Site. *Id.*

Immediately after EPA issued the UAO, Plaintiff began construction of the remedial action.  (CD, Ex. B to RJN, p. 7:6-11.; SAC ¶59).  Since 2009, Plaintiff has been "performing work pursuant to the Order . . . and in the course of compliance with the Order has completed and submitted deliverables approved by EPA in furtherance of the Remedial Action."  (CD, Ex. B to RJN, p. 20:8-13; p. 7:6-11) ("[S]ince 2009, [Plaintiff] has been performing work pursuant to the Order").  For example, the soil vapor extraction treatment system began operating in February 2011 and construction of the groundwater treatment system finished in September 2011.  (Statement of Work ("SOW"), attached as Ex. D to RJN at pp. 7, 11.)[3]

In 2015, Plaintiff entered into the CD with EPA and the California Department of Toxic Substances Control ("DTSC") and they filed suit against Plaintiff in *United States of America v. AC Products*, Case No. 2:15-cv-09931 AB (FFMx) (C.D. Cal.) ("2015 Complaint")[4] (See CD, Ex. B to RJN and 2015 Complaint, Ex. E to the RJN.)  Pursuant to the CD, Plaintiff agreed to reimburse EPA and DTSC for approximately $2.7 million in past costs they incurred by May 21, 2016 (CD, Ex. B to RJN, pp. 54:24-28 and 55:1-3; SAC ¶57).  Plaintiff also agreed to continue to implement the remedial action set forth in the ROD (CD, Ex. B to RJN, p. 7:16-19.).  The Court approved the CD on April 20, 2016, at which point it became a final judgment of this Court (CD. Ex. B to RJN; 2015 Complaint,

---

[3] The SOC is Appendix C to the CD.
[4] The 2015 Complaint is Ex. E to RJN.

3

Ex. E to RJN; and Docket Sheet in Case No. 2:15-cv-09931 AB (FFMx), Ex. F to RJN.

Plaintiff alleges that it has "incurred necessary and recoverable costs" under both the 2009 UAO and the 2016 Consent Decree (SAC ¶59) and that it is therefore entitled to seek contribution and/or indemnification from the Customer Defendants. Plaintiff also alleges that some of the hazardous substances found at the Cooper Drum Site, for which it has allegedly incurred and will incur remedial costs, migrated to the Site from several properties in the area (SAC ¶¶64-67). As a result, Plaintiff claims that the owners of these properties, which Plaintiff dubbed the "Neighboring Defendants," are liable to Plaintiff for response costs, as well as for contribution and indemnity. *Id.* ¶64. Plaintiff eventually named Carerncar, LLC which owns two properties at 9309 Rayo Avenue and 8990 Atlantic Avenue, South Gate, California (the "Carerncar Properties"), immediately adjacent to the Cooper Drum Site, as a Neighboring Defendant. *Id.* ¶23.[5]

Plaintiff initiated this action against a number of Customer Defendants and Neighboring Defendants on April 18, 2019 ("2019 Complaint") (Dkt #1). Plaintiff then filed the First Amended Complaint ("FAC") on August 28, 2019, in which it added various additional defendants, but not Carerncar (Dkt #93). Almost a year later, on August 11, 2020, Plaintiff filed the operative Second Amended Complaint. in which it named further defendants, finally naming Carerncar. (*See generally* SAC ¶23.)

---

[5] Other than alleging that Carerncar owns these sites, the SAC does not contain any allegations regarding Carerncar. It does not allege what hazardous substances were allegedly released on the Carerncar properties, when those releases allegedly occurred, what hazardous substances migrated from those properties to the Cooper Drum site, what hazardous substances from the properties caused Plaintiff to incur remedial costs, or how releases from the Carerncar properties caused Plaintiff to incur remedial costs.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

4

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:19-cv-03007-AB-JPR

## III.   DISCUSSION

### A.   Legal Standards For Motion To Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted."  To survive a motion to dismiss for failure to state a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  In other words, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Twombly,* 550 U.S. at 556).

"The Supreme Court laid out three prescriptions for courts faced with a Rule 12(b)(6) motion to dismiss a section 10(b) action—the court must: (1) accept all of the factual allegations in the complaint as true; (2) consider the complaint in its entirety along with matters of which a court may take judicial notice; and (3) take into account plausible opposing inferences."  *Snellink v. Gulf Res., Inc.*, 870 F. Supp. 2d 930, 940 (C.D. Cal. 2012) *citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

A complaint must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.  *Twombly*, 550 U.S. at 555, fn. 3.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.

While a court generally my not consider material beyond the pleadings, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1956); see *Estate of Blue v. County of Los Angeles*, 120 F.3d 982,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

5

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

984 (9th Cir. 1997).  A court properly may take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).  *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1059 (E.D. Cal. 2010).  "A court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *U.S. v. Wilson,* 631 F. 2d 118, 119 (9th Cir. 1980).  As set forth below, all of Plaintiffs' claims are barred as a matter of law and must be dismissed.

> **B.** **Argument**
>
> > **1.** **Plaintiff's Claim One For Relief Under §107 Of CERCLA Is Barred**

This Court should grant Carerncar's Motion to Dismiss Plaintiff's Claim One for Relief for two reasons.  First, Plaintiff's claim under §107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9607 is barred by the applicable statute of limitations. Second, Plaintiff's §107 claim is barred because Plaintiff filed a claim under §113 of CERCLA.

> > **a.** **Plaintiff's Claim One for Relief Under §107 of CERCLA is Barred by the Statute of Limitations**

Plaintiff's Claim One for Relief seeks to recover environmental response costs pursuant to CERCLA §107. However, such an action must be brought within three years of completion of a removal action or, as in this case, six  years after initiation of construction of a remedial action (CERCLA §113(g)(2)).[6]  Carerncar is entitled to dismissal of this Claim because Plaintiff filed the Second Amended Complaint more than six years after the remedial action commenced. EPA selected

---

[6] "An initial action for recovery of the costs referred to in section 9607 of this title must be commenced (A) for a removal action within 3 years after completion of the removal action . . . and (B) for a **remedial action, within 6 years after initiation of physical on-site construction of the remedial action** . . ." CERCLA §113(g)(2) (emphasis added).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

6

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

the remedial action for the Cooper Drum Site in 2002 by executing the ROD to address contamination soil and groundwater at the Site. (SAC ¶56; UAO, Ex. A to RJN, p. 1:3-5; SOW, Ex. B to RJN, p. 6:19-27.) ("[T]he decision by EPA on the remedial action to be implemented at the Site is embodied in a final Record of Decision ("ROD"), executed on September 2, 2002"). The ROD "presents the selected remedy for the Cooper Drum Superfund Site (Cooper Drum) in South Gate, California, which was chosen in accordance with the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 . . ." (ROD, Ex. C to RJN, p. 1.). In 2007, EPA completed two Remedial Design Reports containing the Remedial Designs for the Remedial Action for soils and groundwater at the Site." (CD, Ex. B to RJN, p. 7:3-5.)

Two years later, in 2009, EPA issued the UAO requiring Plaintiff, among others to "implement the remedial design for the remedy described in the Record of Decision for the Cooper Drum Company Superfund Site." (UAO, Ex. A to RJN, p. 1; SAC ¶59.) At that time, construction on the remedial action began. Since that time, Plaintiff has been "performing work pursuant to the Order . . . and in the course of compliance with the Order has completed and submitted deliverables approved by EPA in furtherance of the Remedial Action." (CD, Ex. B to RJN, p. 20:8-28.) For example, "operation of the SVE wells and treatment system was initiated in February 2011" (SOW, Ex. D to RJN, p. 11.) and the groundwater treatment system began operation in April, 2012 (*Id.*).

As Plaintiff's own factual allegations in the SAC (or in attachments thereto) document, Plaintiff cannot dispute that it began work on the remedial action no later than 2009 and that the first phase of construction of the remedial action was completed by about 2011. Thus, because Plaintiff did not sue Carerncar until August 11, 2020 – eleven years after Plaintiff initiated the remedial action – Claim One plainly is barred by the six-year statute of limitations governing remedial

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

7

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

1    actions under §107.  (*See* CERCLA §113(g)(2).)  For that reason alone, Plaintiff's

2    Claim One for Relief must be dismissed.

3              **b.      Plaintiff's §107 Claim is Also Barred Because It Was**

4                       **Entitled to File a Claim Under CERCLA §113**

5              Even if the claim were not barred by the statute of limitations, it would be

6    barred because Plaintiff can – and did – file a claim for contribution under CERCLA

7    §113.  *See Asarco LLC v. Atl. Richfield Co.*, 866 F.3d 1108, 1128 (9th Cir.

8    2017)("[E]very federal court of appeals to have considered the question . . . "has

9    concluded that a party who *may* bring a contribution action for certain expenses

10   *must* use the contribution action [under §113(f)(3)(B)], even if a cost recovery

11   [under §107(a)] would otherwise be available.") (emphasis and alterations in

12   original) (citations and internal quotations omitted).  *See also, e.g.*, *Kotrous v. Goss-*

13   *Jewett Co. of N. Cal.*, 523 F.3d 924, 932 (9th Cir. 2008) ("A PRP cannot choose

14   remedies, but must proceed under §113(f)(1) for contribution if the party has paid to

15   satisfy a settlement agreement or a court judgment pursuant to an action instituted

16   under ... §107 [for cost recovery]."). Given the availability of relief sought under

17   CERCLA §113, Plaintiff lacks the legal right to pursue a §107 claim here.

18             To elaborate, section 113(f)(1) of CERCLA provides that "any person may

19   seek contribution from any other person who is liable or potentially liable under

20   section 9607(a) of this title, during or following any civil action under section 9606

21   of this title or under section 9607(a) of this title."  Plaintiff has been the subject to a

22   civil action pursuant to both sections.  Indeed, the Complaint against Plaintiff in

23   *United States v. AC Products et al.*, 2:15-cv-09931 (C.D. Cal.), includes claims

24   under both §106(a) of CERCLA, 42 U.S.C. §9606(a) (First Claim for Relief) and

25   §107(a) of CERCLA, 42 U.S.C. §9607(a) (Second Claim for Relief).

26             Once the government filed those claims Plaintiff became entitled to seek

27   contribution from potentially responsible parties under §113(f) (assuming it also

28   could satisfy all other elements of such a claim).  But that prerogative, however,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

8

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

barred Plaintiff from bringing a §107 claim.  Plaintiff's §107 claim therefore cannot survive.  *See Asarco LLC*, 866 F.3d at 1128; *Kotrous*, 523 F.3d at 932.  For that additional reason, Plaintiff's Claim One for Relief must be dismissed.[7]

### 2.   Plaintiff's Claim Two For Relief Under CERCLA §113 Is Barred By The Statute Of Limitations

Carerncar is also entitled to dismissal of Plaintiff's Claim Two for Relief because Plaintiff's §113 claim against Carerncar is also barred by the statute of limitations.  A claim for contribution under §113(f) must be brought within three years of "the date of judgment in any action under this chapter for recovery of such costs or damages." CERCLA §113(g)(3).[8]

Here, as Plaintiff explained in the SAC, this Court approved the relevant judgment on April 20, 2016 (SAC ¶5; see also Docket Sheet, Ex. F to RJN). Therefore, the three year statute of limitations expired on April 20, 2019.  While Plaintiff initiated this suit against several defendants before April 20, 2019, it did not file the SAC  naming Carerncar until August 11, 2020, more than a year after the statute of limitations expired.  Therefore, its §113 claim is barred as against Carerncar and must be dismissed.

### 3.   Plaintiff's Claim Three For Relief For Declaratory Judgment Must Be Dismissed Because Plaintiff's §107 And §113 Claims Must Be Dismissed

Plaintiff's Claim Three for Relief seeks declaratory relief for cost recovery and contribution under §107 and §113 of CERCLA (SAC ¶¶77-80).  Because

---

[7] In addition, once it resolved its liability to the United States pursuant to the CD approved by the Court on April 20, 2016, it was eligible to bring a contribution claim under §113 (CD, Ex. B to RJN, p. 84:19-28).  Once that occurred, Plaintiff was also barred from bringing a §107 claim.

[8] Section 113(g) provides that "no action for contribution for any response costs or damages may be commenced more than 3 years after – (A) the date of judgment in any action under this chapter for recovery of such costs or damages, or (B) the date of . . . entry of a judicially approved settlement with respect to such costs or damages."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

9

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

Plaintiff's claims pursuant to §107 and §113 are barred as against Carerncar, Plaintiff's claim for declaratory relief pursuant to those sections cannot survive. See *Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, No. 12–cv–2079–GPC–KSC, 2014 WL 2511448, at *3 (S.D. Cal. June 4, 2014) ("A declaratory judgment claim cannot stand in the absence of an underlying substantive cause of action."); *Union Station Associates, LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226, 1230 (W.D. Wash. 2002) (land developer's federal declaratory relief claims 113(g)(2) and the Declaratory Judgment Act could not stand after contribution claims were found to be time-barred) and *Reichhold Chem., Inc. v. Textron. Inc.*, 888 F. Supp. 1116, 1124 (N.D. Fla. 1995) (dismissing plaintiff's section 9613(g)(2) claim for declaratory judgment where court dismissed section 107 claim).  As a result, Plaintiff's Claim Three for Relief must be dismissed.

> **4.      Plaintiff's Claim Four For Relief For Contribution And/Or Indemnity Under The California Health And Safety Code Is Barred By The Statute Of Limitations**

Plaintiff's Claim Four for Relief seeks contribution and/or indemnity under §25363(e) of the California Health and Safety code (SAC ¶¶81-84).  The statute of limitations for claims brought under §25363(e) is three years.  *Advanced Micro Devices, Inc. v. Nat'l Semiconductor Corp.*, 38 F. Supp. 2d 802, 814 (N.D. Cal. 1999) ("AMD") ("The Cal. Code Civ. Proc. §388(a) three-year statute of limitations applies to claims under Cal. Health & Safety Code §25363.").  The three-year period begins to run once a plaintiff pays remedial costs.  *Otay Land Co., LLC v. U.E. Ltd., L.P.*, 15 Cal. App. 5th 806, 851 (2017).  *See also Green Valley Corp. v. Caldo Oil* Co., No. 5:09-CV-04028-LHK, 2011 U.S. Dist. LEXIS 88789, at *19 (N.D. Cal. Aug. 10, 2011) (holding limitations period is three years and accrues when plaintiff has made a payment.) [9]

---

[9] In *AMD*, 38 F. Supp. 2d at 814 the Court held that the claim accrues at the same time as the CERCLA cause of action, i.e. when remedial action commenced.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

10

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

1   Here, Plaintiff's first incurred remedial costs, at the latest, in 2009. In fact,

2   Plaintiff explained in the SAC that EPA issued the UAO to Plaintiff in 2009,

3   requiring it to initiate work on the "remedial action." (CD, Ex. B to RJN, p. 7:6-11.)

4   Since then, if not earlier, Plaintiff has been incurring the remedial costs on which it

5   bases its claim against Carerncar in the SAC. (SAC at 59.) ("[Plaintiff] has incurred

6   necessary and recoverable costs . . . in addition to and part from [Plaintiff's]

7   obligations under both the previous CERCLA §106, 42 U.S.C. §9606 Unilateral

8   Administrative Order and the Consent Decree.") (SAC at 59; *Id.* ¶5.) ("[p]rior to

9   and pursuant to the Consent Decree, the CDCPG has incurred response costs . . .");

10   (CD, Ex. B to RJN, p. 7:6-11.) ("[S]ince 2009, [Plaintiff] has been performing work

11   pursuant to the Order").

12   Thus, the three year statute of limitations governing Plaintiff's Claim Four for

13   Relief was triggered (at the latest) when Plaintiff started incurring remedial action

14   costs in 2009. Plaintiff's window to bring a claim under §25363(e) therefore ran in

15   2012, eight years before it sued Carerncar in the SAC. Moreover, Plaintiff alleges

16   that "prior to . . . the Consent Decree [entered on April 18, 2016], the CDCPG . . .

17   incurred response costs . . . at the Cooper Drum Site" (SOC at ¶5, p. 2). Thus,

18   Plaintiff incurred costs prior to April 18, 2016, more than three years after this Court

19   entered the Consent Decree. Therefore, Plaintiff's own allegations as to when it

20   incurred remedial action costs dictate that this claim must also be dismissed.

21          **5.    Plaintiff's Claim Five For Relief For Equitable Indemnity Is**

22                **Barred By The Statute Of Limitations**

23   Plaintiff's Claim Five for Relief which seeks equitable indemnity under state

24   law, SAC ¶¶85-88, likewise is barred by the statute of limitations.

25   "The applicable statute of limitations for actions seeking equitable indemnity

26   is one year." *Smith v. Parks Manor*, 197 Cal. App. 3d 872, 882 (1987). A claim for

27

28   As discussed above, here, the remedial action commenced in 2009. Therefore, under *AMD* the statute of limitations expired in 2012.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

11

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO. 2:19-cv-03007-AB-JPR

equitable indemnity accrues when the indemnitee suffers a loss through payment of a judgment or settlement debt (*Id.*), or is otherwise compelled to undertake action by a government entity.  *Id. See Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1155 (Ct. App. 1991) (holding that an equitable indemnity claim was properly stated where an air pollution control district ordered a plaintiff to undertake testing and where the plaintiff might be required to abate the hazardous conditions under state and federal law.)  *See also Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*, 221 Cal. App. 3d 1601, 1612, 1620 (Ct. App. 1990) (holding that a plaintiff could seek indemnity when a regional water board had issued a clean-up and abatement order requiring the party seeking indemnity to engage in testing and remediation of groundwater contamination).

As discussed *supra*, Plaintiff alleged in the SAC that it incurred response costs pursuant to the UAO at least as early as 2009.  (*See* CD, Ex. B to RJN, p. 7:6-11.) ("[s]ince 2009, [Plaintiff] has been performing work pursuant to the Order"); *see also supra* at p. 7.  Plaintiff also claims it suffered a loss because it agreed to pay certain EPA costs under the CD, which became a final judgment when approved by the Court on April 16, 2016.  (SAC ¶¶5, 57; Docket Sheet, Ex. F to RJN.)  Plaintiff further alleges it incurred costs to comply with the UAO and CD, which are orders or judgments that triggered the running of the one year statute of limitations.  *See Mangini*, 230 Cal. App. 3d at 1155; *Selma Pressure Treating Co.*, 221 Cal. App. 3d at 1620.  Therefore, any claim for equitable indemnity against Carerncar had long expired by the time Plaintiff filed the SAC on August 11, 2020.  Accordingly, Plaintiff's Claim Five must be dismissed.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

12

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

1
2

**6.      Plaintiff's Claim Six For Relief Based On Public Nuisance Must Be Dismissed**

3
4

**a.      The Public Nuisance Claim is Barred by the Statute of Limitations**

Plaintiff's Claim Six for Relief for public nuisance also is barred by the statute of limitations. "A claim for damages for a permanent public nuisance is subject to the three-year statute of limitations in Code of Civil Procedure section 338, subdivision (b)" and "begins to run upon creation of the nuisance." *Mangini*, 230 Cal. App. 3d at 1142.

Here, the alleged nuisance is the release and migration in ground water of hazardous substances from neighboring properties to the Cooper Drum Site (SAC ¶¶54, 56, 90-92).  Plaintiff alleges that the nuisance commenced many more than three years before it filed its SAC. Indeed, the SAC identifies releases of hazardous substances that occurred between 1941 and 1993 (SAC ¶¶47-56). Further, the ROD issued in  2002, identified releases at nearby properties which may have impacted the Cooper Drum Site.  [*See* ROD, Ex. C to RJN, p. 2) ("Selected Remedy for Groundwater - The treated water will be reinjected into the contaminated groundwater aquifer . . . Reinjection will reduce the intrusion of and the potential for mixing with other off-site VOC plumes."]  Plaintiff also alleges that "multiple EPA reports [including the Statement of Work attached to the CD executed in 2015] 'document impacts to the [Cooper Drum] Site from upgradient plumes originating from off-site sources.'" (SAC ¶65).

Thus, per its own allegations, Plaintiff knew that the nuisance commenced many years ago and that it was aware of the nuisance no later than 2009. Notwithstanding those allegations and the publicly-documented release of hazardous substances, Plaintiff refrained from filing suit until 2019 and refrained from suing Carerncar until 2020.  Therefore, its Claim Six for public nuisance is barred and must be dismissed.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

13

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

        **b.**     **Plaintiff Lacks Standing to Assert a Claim for Public Nuisance Because it Does Not Allege that it Suffered Special Injury**

Under California law "a public nuisance will be a basis for tort remedies for personal harm or property damage only if the plaintiff can 'show **special injury** to himself of a character different in kind--not merely in degree--from that suffered by the general public." *Capogeannis v. Superior Court*, 12 Cal. App. 4th 668, 675, (1993) (emphasis added) (internal citations omitted). Here, Plaintiff has not alleged such a special injury. *Rose v. Union Oil Co.*, No. C97-3808 FMS, 1999 WL 51819, at *6 (N.D. Cal. Feb. 1, 1999) (granting summary judgment in favor of a defendant where public nuisance claim for environmental contamination where they failed to demonstrate special injury).   A claim that the requisite special injury is incurring remedial action costs fails because such injury is not qualitatively different from the injury sustained by the public in general.  *See Capogeannis*, 12 Cal. App. 4th at 675; *see also Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1016 (S.D. Cal. 2015) (dismissing public nuisance claim alleging plaintiff had been specially injured by groundwater contamination because such harm was "too similar to that suffered by the general public, since such a claim would be available to anyone whose property was above the 1.3 mile waste plume Plaintiffs are alleging.").

The public nuisance claim also lacks merit because Plaintiff did not plead any facts establishing the elements of a public nuisance claim against Carerncar.  The SAC does not allege that Carerncar created a condition that was harmful to health or interfered with the comfortable enjoyment of life or property, that any condition associated with Carerncar affected a substantial number of people at the same time, that an ordinary person would be reasonably annoyed or disturbed by the condition, or that Carerncar's conduct was a substantial factor in causing Plaintiff's harm.  For this elementary reason also, the nuisance claim must be dismissed. *See Gregory Vill.*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

14

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

*Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 901 (N.D. Cal. 2011) (dismissing nuisance claim for failure to allege facts supporting the elements of the claim as to each defendant).

Given that the SAC is devoid of any allegation of a special injury that differs from that which could be alleged by the general public, and in light of the fact that Plaintiff has not alleged the required elements of a public nuisance claim, its Claim Six for Relief must be dismissed.

### 7.    Plaintiff's Claim Seven For Private Nuisance Must Be Dismissed

#### a.    Plaintiff's Private Nuisance Claim is Barred by the Statute of Limitations

Plaintiff's Claim Seven for Relief for private nuisance must also be dismissed because the statute of limitations for private nuisance, like public nuisance, is three years, and, as set forth above, Plaintiff failed to file the SAC within three years of the commencement of the nuisance. *See Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1148 n.15 (1991).

#### b.    Plaintiff's Private Nuisance Claim Is Also Barred Because Plaintiff Does Not Have A Property Interest in the Cooper Drum Site.

Even if Plaintiff's private nuisance claim were not untimely, it fails on the merits because Plaintiff has neglected to alleged a requisite property interest in the Cooper Drum Site.  It is well-established in California that only a plaintiff whose property rights have been invaded can maintain a private nuisance action; such an action is not viable for a person who has no right to the underlying land. *See Multani v. Knight*, 23 Cal. App. 5th 837, 855 (2018) ("[I]t is long established that 'an action based upon a private nuisance as that term is known to the law may be maintained only by those whose property rights have been invaded; that while a [lawful] possessor of land is allowed to recover incidental damages for harms to his person

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

or chattels in an action for private nuisance, the action is not available for the protection of those interests to a person who has no property rights or privileges in land.'" (internal citations omitted).  *See also Padilla v. United States*, No. 17-CV-1182 W (NLS), 2019 WL 1982217, at *4 (S.D. Cal. May 3, 2019) (dismissing private nuisance claim where plaintiff did not have any property right).  "'The essence of a private nuisance is an interference with the use and enjoyment of land' and '. . . without it, the fact of personal injury, or of interference with some purely personal right, is not enough for such a nuisance.'" *Venuto v. Owens-Corning Fiberglas Corp.*, 22 Cal. App. 3d 116, 124-25 (Ct. App. 1971) (quoting Prosser on Torts (3d ed. 1964) 611, 611 n. 91.); *see also Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4377905, at *6 (E.D. Cal. Sep. 4, 2014) (dismissing nuisance claim where plaintiff did not have interest in impacted property).

Here, Plaintiff does not plead that it has any property rights in the Cooper Drum Site. It merely alleges that it has a "protected interest given its commitment to the cleanup of the Cooper Drum Site." (SAC at 97).[10]   This is not an interest in land sufficient to support a claim for nuisance. Nor has Plaintiff alleged how any supposed act or omission by Carerncar interferes with a cognizable right in land—such as quiet enjoyment—for which there is a cure by pursuit of a private nuisance claim. Thus, Plaintiff has not alleged facts sufficient to establish a private nuisance. For this reason as well, Plaintiff's Claim Seven for Relief must be dismissed.

---

[10] Plaintiff cannot allege that it owns the Cooper Drum Site because it is owned by the Cooper Living Trust.  *See* ¶I, paragraph E of the Consent Decree in *United States of America v. Cooper Living Trust, Cooper Properties*, LP Case 2:17-cv-07836 (C.D. Cal.)(attached as Ex. G to RJN (noting that the Cooper Drum Site is owned by Cooper Living Trust)(CD, Ex. G to RJN, p. 2:11-15.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

16

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

### 8.  Plaintiff's Claim Eight For Relief For "Continuing" Trespass Must Be Dismissed

#### a.  Plaintiff's Claim is Barred by the Statute of Limitations

Plaintiff's claim eight for trespass also is barred by the statute of limitations. Trespass, like nuisance, is subject to a three year statute of limitations. *Mangini,* 230 Cal. App. 3d at 1145 (claim for trespass or injury to real property subject to three year statute of limitations).  Thus, for the same reasons discussed *supra*, any alleged trespass occurred many more than three years' prior to the 2020 filing of the SAC against Carerncar. Therefore, the trespass claim is also barred by the statute of limitations.

Apparently recognizing this fatal flaw, Plaintiff tries to allege that Carerncar is liable for "*continuing* trespass." (*See* SAC ¶¶99-103.)  A "continuing trespass" is one which is ongoing in character and abatable.   "Every repetition of a continuing nuisance is a separate wrong for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred." *Mangini,* 230 Cal. App. 3d at 1143 (also holding that "the statute of limitations for trespass has been the same as for nuisance and has depended on whether the trespass has been continuing or permanent.").  Under this doctrine, Carerncar could theoretically be liable for any continuing trespass suffered within three years immediately prior to the filing of the SAC against Carerncar. *Id.*

Critically, however, to allege that a trespass is continuing, a plaintiff must allege that it can be abated at a "reasonable cost by reasonable means." *Id.* at 1103 (1996).  Indeed, "[t]he key to whether a trespass is permanent or continuing is whether the trespass can be discontinued or abated at a reasonable cost. *Id.*; *see also Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583, 594 (2007). Here, however, Plaintiff has not alleged that the alleged trespass is abatable at all, let alone at reasonable cost by reasonable means.  Merely labeling the claim

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

17

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

as one for "Continuing Trespass," as Plaintiff has done here, it totally insufficient. Therefore, the claim is barred by the statute of limitations and must be dismissed.

### b. Plaintiff's Claim is Barred Because it Does not Allege any Ownership Interest in the Impacted Property

Even if the trespass claim was not barred by the statute of limitations, Plaintiff's trespass claim fails because Plaintiff has not alleged an ownership interest in the impacted property.  To state a claim for trespass, a plaintiff must allege a possessory interest in the land subject to an unlawful interference.  "California law requires that in order to state a claim for trespass a plaintiff must allege that: plaintiff was in lawful possession of the real property."  Miller and Starr, 6 California Real Estate §16:29.  *See also Team Enters., LLC v. W. Inv. Real Estate Tr.*, 721 F. Supp. 2d 898, 910 (E.D. Cal. 2010) ("A trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it." (quoting *Wilson v. Interlake Steel Co.*, 32 Cal.3d 229, 233 (1982)) (citation omitted).

California courts emphasize that "[t]he essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another." *Cassinos v. Union Oil Co.*, 14 Cal. App. 4th 1770, 1778 (1993) (citation omitted) (trespass found where wastewater was injected from defendant's property to plaintiff's, interfering with plaintiff's mineral estate). While a trespass "may include wrongful entry or invasion by pollutants," *Martin Marietta Corp. v. Ins. Co. of N. Am.*, 40 Cal. App. 4th 1113, 1132 (1995)), the offending pollutants must invade a property interest.  Plaintiff has not alleged any such property interest.  Because Plaintiff failed to allege, and based on the actual allegations to the contrary in the SAC cannot allege, the requisite possessory property interest in the Cooper Drum Site, (*see* above at fn. 10) its Claim Eight for Relief for  trespass must be dismissed.

### 9. Plaintiff's Tort Claims Are Barred By The Economic Loss Rule

Finally, Plaintiff's tort claims - Claims for Relief Six, Seven and Eight – are

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

18

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

barred by the economic loss rule.  Under California law "purely economic losses are not recoverable in tort." *NuCal Foods, Inc. v. Quality Egg LLC,* 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013).  *See also S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978).  In *Cty. of Santa Clara v. Atl. Richfield Co*., 137 Cal. App. 4th 292, 321 (2006), plaintiffs sought damages allegedly caused by spending money to find and abate lead in lead paint.   The Court held that the repair expenses are purely economic damages which are not recoverable in tort.  *Id.* Similarly, Plaintiff's tort claims seek purely economic damages - the costs to investigate and remediate the Cooper Drum Site (*See* SAC – Prayer for Relief). Such costs are not recoverable under in tort under California law. For this reason as well, Claims for Relief Six, Seven and Eight must be dismissed.

## IV.   CONCLUSION

   For the reasons set forth above, all of Plaintiff's claims must be dismissed.


Dated:  January 15, 2021                    LOEB & LOEB LLP
                                            ALBERT M. COHEN


                                            By: /s/ Albert M. Cohen
                                                Albert M. Cohen
                                                Attorneys for CARERNCAR, LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

20203175.1
236258-10001

MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.  2:19-cv-03007-AB-JPR

1
## <u>CERTIFICATE OF SERVICE</u>

2
    I certify that on January 15, 2021, I caused the foregoing **NOTICE OF**

3
**MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4
**PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF**

5
**POINTS AND AUTHORITIES** to be electronically filed with the Clerk of the

6
Court using the CM/ECF system, which will send notifications of such filings to all

7
parties.

8

9
Dated:  January 15, 2021               LOEB & LOEB LLP

10

11
                      By:

12
                          Albert M. Cohen