UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER DRUM COOPERATING PARTIES GROUP,<br><br>Plaintiff,<br><br>v.<br><br>ANGELES CHEMICAL CO., INC. (AKA "ANGELUS CHEMICAL" AND/OR "ANGELES CHEMICAL COMPANY, INCORPORATED"), et al.,<br><br>Defendants.<br><br>and Related Counterclaims, Cross-Claims and Third-Party Complaints<br><br>Counter-Defendants. | Case No.: 2:19-cv-03007-AB-JPR<br><br>Assigned to Hon. Andre Birotte, Jr.<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:     February 12, 2021<br>Time:    10:00 a.m.<br>CtRm:   7B |

On February 12, 2021, defendant Carerncar LLC's Motion to Dismiss (the "Motion") came on for hearing in Courtroom 7B of the above-referenced court, the Honorable Andre Birotte, Jr. presiding.  After reviewing all of the papers filed in connection with the Motion, including the documents that are the subject of the Joint Request for Judicial Notice, and including all moving, opposition and reply papers, and after hearing argument of counsel, if any, this Court finds, rules and orders as follows:

The Court hereby grants the Joint Request for Judicial Notice.

Plaintiff's own pleadings and the documents for which this Court took judicial notice establish that environmental releases in and about the Cooper Drum Site commenced prior to 2009, that Plaintiff was aware of such releases no later than 2009, and that Plaintiff initiated construction of the remedial action for the Cooper Drum Site in about 2009.  However, Plaintiff did not file its Second Amended Complaint against Carerncar seeking to recover of costs incurred and to be incurred to address alleged release of hazardous substances associated with the Cooper Drum Site until August 11, 2020, approximately eleven years later.  Based on the foregoing:

Plaintiff's Claim One for Relief under §107 of CERCLA is barred by the six year statute of limitations in §113(g)(2) of CERCLA, 42 U.S.C. §9612(g)(2).  It is also barred because Plaintiff was entitled to file a claim under §113 of CERCLA. *Asarco LLC v. Atl. Richfield Co.*, 866 F.3d 1108, 1128 (9th Cir. 2017).

Plaintiff's Claim Two for Relief under CERCLA §113 is barred by the three year statute of limitations set forth in §113(g)(3) of CERCLA, 42 U.S.C. §9613(g)(3).

Plaintiff's Claim Three for Relief for Declaratory Judgment must be dismissed because Plaintiff's §107 and §113 claims must be dismissed.  *Union Station Associates, LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226 (W.D. Wash. 2002).

      Plaintiff's Claim Four for Relief for contribution or indemnity under the California Health and Safety Code §25363(e) is barred by the three year statute of limitations in Cal. Code Civ. Proc. §388(a). *Advanced Micro Devices, Inc. v. Nat'l Semiconductor Corp.*, 38 F. Supp. 2d 802, 814 (N.D. Cal. 1999).

      Plaintiff's Claim Five for Relief for equitable indemnity is barred by the one year statute of limitations for such claims. *Smith v. Parks Manor*, 197 Cal. App. 3d 872, 882 (1987).

      Plaintiff's Claim Six for Relief based on public nuisance is barred by the three year statute of limitations in Cal. Code Civ. Proc. §388(a). *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1142 (Ct. App. 1991). It is also barred because Plaintiff lacked standing to assert a claim for public nuisance because it does not allege that it suffered special injury. *Capogeannis v. Superior Court*, 12 Cal. App. 4th 668, 675 (1993).

      Plaintiff's Claim Seven for Relief for private nuisance is barred by the three year statute of limitations in Cal. Code Civ. Proc. §388(a). *Mangini v. Aerojet-General Corp*., 230 Cal. App. 3d 1125, 1148 n.15 (Ct. App. 1991). It is also barred because Plaintiff does not have a property interest in the Cooper Drum Site. *Multani v. Knight*, 23 Cal. App. 5th 837, 855 (2018).

      Plaintiff's Claim Eight for Relief for "continuing" trespass is barred by the statute of limitations in Cal. Code Civ. Proc. §388(a). Plaintiff failed to plead the elements necessary to state a claim for continuing trespass. *Mangini,* 230 Cal. App. 3d at 1143, 1145. Plaintiff's Claim Eight for Relief is also barred because Plaintiff does not allege any ownership interest in the Cooper Drum Site. Miller and Starr, 6 California Real Estate § 16:2 (3d Ed. Supp. 2009) and *Team Enters., LLC v. W. Inv. Real Estate Tr*., 721 F. Supp. 2d 898, 910 (E.D. Cal. 2010)

      Plaintiff's tort claims, Claims for Relief Six, Seven and Eight are barred by the economic loss doctrine. *S.M. Wilson & Co. v. Smith Int'l, Inc*., 587 F.2d 1363,

1376 (9th Cir. 1978); *Cty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 321 (2006).

Based on the foregoing, all of Plaintiff's claims for relief are barred. Therefore, the Motion to Dismiss is granted in its entirety.

IT IS HEREBY ORDERED that Plaintiff's Second Amended Complaint is hereby dismissed with prejudice as to Carencar LLC.

Dated: _____    _____
　　　　　　　　　　　　　　　　　　　Honorable Andre Birotte, Jr.

# CERTIFICATE OF SERVICE

I certify that on January 15, 2021, I caused the foregoing **[PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all parties.

DATED:  January 15, 2021                          LOEB & LOEB LLP

                                                  By: _____
                                                          Albert M. Cohen